In the Matter of CHARLES J. SCIBETTA, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 23, 1986

### APPEARANCES OF COUNSEL

*David E. Brennan (Robert I. Gannon* of counsel), for petitioner.

*Joseph V. Sedita* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by order of this court on June 13, 1970.

The petition alleges that in early 1983 respondent was retained by clients to negotiate with Manufacturers and Traders Trust Company in an effort to forestall pending foreclosure proceedings by the bank of certain purchase money and collateral mortgages which it held on the clients' property and business. On February 2, 1983, one of the clients gave respondent a draft for $10,000 payable to him as attorney. These funds were to be used in an effort to resolve the foreclosure action by the bank. According to the petition, respondent did not deposit this check in his escrow account but, instead, cashed it and used an unknown portion of these moneys for his personal purposes. On May 15, 1983, respondent was discharged by his clients, who requested a return of the funds. On May 16, 1983, respondent complied with this request and remitted to the clients a bank draft for $10,000 and another for $100, the latter apparently to cover interest. Shortly thereafter, one of the former clients made a complaint to the Grievance Committee, which resulted in the petition before the court.

Respondent has admitted the allegations in the petition.

A mitigation hearing was held at which the only testimony offered was of a psychological/psychiatric evaluation of respondent. The Referee's report indicates that respondent has an attention deficit disorder, which is organic or biological in nature, and that his condition (which had never been previously diagnosed) can be improved with medication. We confirm the Referee's findings.

Respondent is guilty of unprofessional conduct in that he violated Code of Professional Responsibility, Canons 1, 6 and 9, which require an attorney to maintain the integrity and competence of the legal profession, represent a client competently and avoid even the appearance of professional impropriety. In addition, respondent failed to deposit funds of a client in an identifiable bank account (see, Code of Professional Responsibility, DR 9-102 [A]), failed to identify and label property of a client and place it in a place of safekeeping (DR 9-102 [B] [2]), and failed to maintain complete records of all funds of a client and render appropriate accounts of them to the client (DR 9-102 [B] [3]).

Having considered the mitigating circumstances, we con-

clude that respondent should be suspended from the practice of law for a period of one year and until further order of this court.

DILLON, P. J., BOOMER, PINE, BALIO and SCHNEPP, JJ., concur.

Order of suspension entered.